UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDRIL SPRUTSKO | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| vs. | ) | |
| | ) | |
| EAGLE SHIP MANAGEMENT LLC, | ) | |
| THRASHER SHIPPING LLC and the MV | ) | |
| THRASHER in rem | ) | |
| | ) | |
| Defendants. | | |

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES

### PARTIES, JURISDICTION and VENUE

Plaintiff, complaining of the Defendants, respectfully states and alleges upon information and belief:

1.      Jurisdiction is predicated on 28 U.S.C. § 1331 pursuant to the "Jones Act" 46 U.S.C. § 10304, 28 U.S.C. §1332 diversity of citizenship, and under 28 U.S.C. § 1333, Admiralty and General Maritime jurisdiction pursuant to the doctrine of unseaworthiness.

2.      At all relevant times Plaintiff was a citizen and resident of the Ukraine.

3.      At all times hereinafter mentioned, upon information and belief, defendant Eagle Ship Management LLC ("EAGLE") was a Marshall Islands Limited Liability Corporation, with its principal place of business in Stamford, CT and has no members who are citizens or residents of the Ukraine.

4.      At all times hereinafter mentioned, upon information and belief, defendant Thrasher Shipping LLC ("Thrasher") was a Marshall Islands Limited Liability

Corporation, with its principal place of business in Stamford, CT and has no members who are citizens or residents of the Ukraine.

5.  MV THRASHER is a 53,360-ton bulk carrier registered in the Marshall Islands.

6.  At all times hereinafter mentioned Thrasher was the owner or owner *pro hoc vice* of the MV THRASHER.

7.  At all times hereinafter mentioned Eagle operated, managed and controlled the MV THRASHER.

8.  At all times hereinafter mentioned Eagle employed Plaintiff in the capacity of a seaman and member of the crew of the MV THRASHER, pursuant to an employment contract between Eagle and Plaintiff.

9.  The amount in controversy greatly exceeds the $75,000 required to maintain diversity jurisdiction.

10. MV THRASHER is either currently or will be during the pendency of this suit located within this district.

### FIRST CAUSE OF ACTION JONES ACT AND UNSEAWORTHINESS

11. On or about September 16, 2018 Plaintiff was employed as an ordinary seaman, an entry level position aboard the MV THRASHER.

12. On that date he was ordered to sandblast in proximity of the vessel's cargo hatch.  He was working under the direction of the chief mate, the head of the vessel's deck department.

13. To properly reach the areas he needed to sandblast Plaintiff had to stand on a pipe, which required him to steady himself by placing his left hand on the hatch.

14. As Plaintiff was sandblasting and steadying himself with his left hand on the hatch, his supervisor the chief mate decided to open or close the hatch, without warning Plaintiff nor looking to make sure that the hatch was clear of all personnel.

15. As the chief mate or someone under his supervision opened or closed the hatch one of the rollers of the hatch ran over Plaintiff's left hand traumatically amputating his left thumb and index finger, rendering Plaintiff permanently not fit for sea.

16. The injuries were a result of the Defendants' negligence in failing to properly instruct and supervise Plaintiff, failure to conduct a risk analysis as required by the ship's Safety Management System, not providing Plaintiff with a platform to stand on, when atop the piping, failure to warn Plaintiff that they were going to open or close the hatch, failure to look to make sure that no one was in the vicinity of the hatch prior to opening or closing the hatch, not having proper procedures to make sure no one was in the vicinity hatch prior to attempting to open or close the hatch.

17. The conditions, acts and omissions stated above rendered the MV THRASHER unseaworthy, which was the proximate cause of Plaintiff's injuries.

18. As a result of the Defendants' negligence and the unseaworthiness of the MV THRASHER, Plaintiff has incurred past medical expenses, loss of earnings, pain and suffering and will incur future medical expenses, loss of earnings / earning potential, pain and suffering in an amount to be determined at trial, which vastly exceed the jurisdictional amount required to maintain diversity jurisdiction .

## SECOND CAUSE OF ACTION IN REM AGAINST THE M/V THRASHER

19.  Plaintiff realleges each and every allegation contained in paragraphs 1 to 18 in the complaint.

20.  MV THRASHER is presently located in or will be located in this District during the pendency of this suit and is or will be subject to the jurisdiction of his Honorable Court.

21.  By reason of the aforesaid, Plaintiff has a maritime lien against the MV THRASHER for his claim of unseaworthiness.

**WHEREFORE**, Plaintiff demands:

a.      judgment be entered against the *in personam* Defendants jointly and severely on against the Defendants in an amount to be proved at trial, on all causes of action in addition to costs, pre-trial and post-trial interest.

b.      judgement be entered against the MV THRASHER *in rem,* that process in due form of law, according to the Fed. R. Civ. P. and Supplement Rules for Certain Admiralty and Maritime Claims, issue against the vessel citing all persons having any interest therein to appear and answer all matters aforesaid;

c.      Plaintiff's lien be declared a valid maritime lien upon the whole of the vessel *in rem*; that after due proceedings there be a judgement entered in favor of Plaintiff against MV THRASHER for an amount proven at trial together with pre and post judgement interest and costs.

d.      The MV THRASHER be condemned and sold free and clear of all liens and encumbrances to satisfy the judgement herein, that Plaintiff's maritime lien be recognized, enforced and paid in preference and priority over all other claims

ESSEX LAW GROUP

ATTORNEYS FOR PLAINTIFF

By: _____

JOHN L. SENNING, ESQ.
9 NOVELTY LANE, STE. 2
P.O. BOX 33
ESSEX, CT 06426
TEL: 860-767-2618
FAX: 860-955-2423
EMAIL: john@essexlawgroup.com
Federal Bar No.: CT05807